CHARLOTTE MONTROSS, ADM'X v. ROGER WILLIAMS INSURANCE COMPANY.

*Insurance—Promise to renew policy—Plea—Denial of execution.*

An insurance company that has ceased to do business is not liable on a policy which persons who have ceased to be its agents have promised to renew. But if the person to whom the promise is made did not know of the revocation of their authority, he may, perhaps, have a cause of action against them.

Where a declaration upon an insurance policy which plaintiff alleges has been renewed, does not purport to set up a written renewal, the plea of the general issue is sufficient.

Denial of the execution of an instrument cannot be required if the instrument is not set up in the declaration.

Error to St. Clair. Submitted Oct. 18. Decided Oct. 31.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Atkinson & Stevenson* for appellant.

*B. C. Farrand* and *William T. Mitchell* for appellee.

MARSTON, J. There are two very serious difficulties in the way of the plaintiff's right of recovery in this case. At the time at which it is claimed the policy of insurance was renewed, the defendant company had ceased to do business and had revoked the authority of their agents, and the persons who had acted as agents did not renew or attempt to renew the policy, even could they have done so.

The most that could possibly be claimed in this case would be that the persons who had acted as agents for the defendant had promised or agreed to renew the policy, and that plaintiff did not know of any revocation of their authority.   This might give a cause of action against them, but not against the company they had ceased to represent.   This case does not come within the class where payment made in good faith to one who had been an agent, might be held good in the absence of knowledge of a revocation of authority.   In this case no payment was made to or received by any one, nor was any receipt given or other act done with a view to bind the company.

The declaration did not set up or purport to set up a written renewal of the policy, and no denial of the execution of an instrument not declared upon could be required.   The plea of the general issue was sufficient.

The judgment must be affirmed with costs.

The other Justices concurred.